112 N.J. Super. 216 (1970)
270 A.2d 734
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN WILBELY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 19, 1970.
Decided November 16, 1970.
*217 Before Judges CONFORD, KOLOVSKY and CARTON.
Mr. John Selawsky argued the cause for appellant.
Mr. Archibald Kreiger, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph D.J. Gourley, Passaic County Prosecutor, attorney).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
Defendant Wilbely, Charles Harris, Jr. and David Howell were indicted for the rape of a 16-year-old girl. Defendant alone was tried to a jury, found guilty and appeals from the conviction and from his sentence of 20 to 25 years in State Prison.
Defendant's attack on the sentence as "excessive and unduly punitive" lacks substance. If defendant be guilty, then the sentence was fully warranted in view of the heinous circumstances of the offense and defendant's prior criminal record.
However, we have concluded that there must be a reversal and remand for a new trial because the trial court erred in overruling defendant's objection to testimony, offered as part of the State's case, that the victim had identified defendant at a lineup which had been conducted in the absence of defendant's attorney. The attorney had, earlier that day, visited defendant at the police station where he was being held in custody on the charge here involved.
The State's own proofs established that the police then knew that defendant had an attorney. Those proofs disclosed that the victim had given the police a description of *218 the automobile in which her three assailants had carried her off and in which each had raped her. An automobile answering that description was stopped by the police. After questioning its driver, Charles Harris, Jr., the police placed Harris under arrest and transported him and the automobile to police headquarters. A pocketbook identified as that of the victim was found in the auto.
Acting on the basis of information furnished by Harris, the police then went to defendant's home at about 9:30 on the morning following the commission of the crime. Defendant was arrested and taken to police headquarters where he was informed of the charges against him and "advised * * * of his rights." He was allowed to make a phone call. Shortly thereafter he was visited first by his wife and then by an attorney, Alfred Fontanella. The police officers who conducted the lineup were aware of the attorney's visit. As one of them testified in recounting the events prior to the lineup, "Mr. Alfred Fontinella [sic] came to the Detective Bureau stating that he was Mr. Willowby's [sic] lawyer and he wanted to see him. This was also allowed."
The third alleged culprit, Howell, was arrested at about 11:30 A.M. At approximately 12:30 P.M., Harris, Howell, defendant and a Paterson detective were placed in the lineup. The victim was brought in. She identified Harris, Howell and the defendant as the men who had raped her.
At the trial, defense counsel duly objected to the admission of any testimony relating to the identification at the lineup because counsel was not present at that time and because the circumstances of the lineup were unfair. The objection was overruled. Further, he requested a voir dire hearing to ascertain whether the in-court identification which the victim was then about to make was tainted by the allegedly improper out-of-court identification procedures. The request was denied.
The trial court erred. Whether or not the rule of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), requiring the assistance of counsel *219 at a lineup should be applied to all pre-indictment confrontations as well as to post-indictment confrontations need not be decided. Cf. State v. Moore, 111 N.J. Super. 528, 531-532 (1970). We decide only the narrower issue here presented. We hold that the Wade rule (1) is applicable to cases where, as here, the police know that the person under arrest and being held in custody on the charges for which he was later to be indicted and tried is represented by counsel, and (2) requires exclusion of testimony, when offered by the State, as to defendant's identification at the lineup if the police nevertheless proceed with the lineup in the absence of counsel and without giving defendant the opportunity to have his counsel present. Cf. Escobedo v. Illinois, 378 U.S. 478, 491, 84 S.Ct. 1758, 1765, 12 L.Ed.2d 977 (1964); Gilbert v. California, 388 U.S. 263, 273, 87 S.Ct. 1951, 1957, 18 L.Ed.2d 1178 (1967).
In view of our ruling, it is unnecessary for us to determine whether, as defendant also contends, the lineup procedures were impermissibly suggestive. At the retrial, the State will be barred from introducing evidence of the identification at the lineup as part of its case. Before permitting the victim to make an in-court identification of defendant, the trial court will be required, if defendant requests it, to hold a preliminary hearing out of the presence of the jury to determine whether the proposed in-court identification is tainted by the illegal out-of-court identification procedures or whether the in-court identification has an independent source.
The other points argued by defendant require but brief comment to guide the court at the new trial. The police should not be permitted to testify as to what Harris had told them about defendant. Such testimony is inadmissible hearsay.
Further, while the fact of the death of the victim's father may be made known to the jury to explain the failure of the State to call him as a witness to corroborate the testimony of his wife and daughter, there is no warrant for *220 admitting the irrelevant evidence as to the alleged effect of the criminal episode on the father's health and its relationship to his death.
The conviction is reversed and the cause remanded for a new trial.