134 N.J. Super. 531 (1975)
342 A.2d 236
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH FUNGONE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 12, 1975.
Decided June 12, 1975.
*532 Before Judges MICHELS, MORGAN and MILMED.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Maurice J. Molyneaux of counsel and on the brief).
*533 Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Robert A. Jacobson, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant appeals from a conviction of the high misdemeanor of larceny (N.J.S.A. 2A:119-2), contending that he was denied the right to a speedy trial, that his rights pursuant to the Interstate Agreement on Detainers (N.J.S.A. 2A:159A-3) were violated by his trial beyond the 180-day period from the date upon which he demanded trial while incarcerated at the federal prison at Lewisburg, Pennsylvania, and that the trial judge should have disqualified himself. Identical claims of error were held to be without merit in a companion case filed today, State v. Fungone, Docket No. A-35-73, and the reasons for the court's ruling will not be repeated in this opinion. He also claims the sentence imposed was excessive.
Defendant, however, also contends that the trial judge committed reversible error when he reassembled and reconvened the jury he had previously discharged, and which had been dispersed after rendition of its verdict, in order to receive and record a part of the verdict they had neglected to report and the trial judge had neglected to request. The indictment charged defendant with the theft of a 1967 Chrysler automobile of undetermined value (N.J.S.A. 2A:119-2), and with knowingly receiving a stolen motor vehicle (N.J.S.A. 2A:139-3). After trial the jury returned its verdict acquitting defendant of the "receiving" charge and finding him guilty of larceny. In his charge the trial judge instructed the jury to make a finding as to whether the vehicle in question had a value in excess of $500 or less than $500. When the verdict was returned the jury failed to report a finding with respect to value and the judge forgot to ask for that finding. After the jury was discharged the matter was brought to the attention of the judge, and in order to correct the omission he ordered that the jury be reassembled the following morning. After they had reassembled the judge inquired as to whether they had arrived at a finding as to *534 the value of the stolen motor vehicle. They reported that they had and the value was in excess of $500.
Defendant was thereafter sentenced to a term of one to three years in New Jersey State Prison, to be served concurrently with the sentence imposed the same day upon defendant's conviction for armed robbery (Indictment No. 831-71), but consecutively to "any other outstanding sentence."
The State contends that the action of the trial judge in reassembling the jury was proper because it was not returned to further deliberate but only to report on a verdict it had already reached but did not report. We disagree.
Only one New Jersey decision deals with this subject matter and that one is distinguishable. In State v. Brandenburg, 38 N.J. Super. 561 (Cty. Ct. 1956), the foreman of the jury announced its verdict of acquittal for two defendants. No poll of the jury was requested or taken. The jury was discharged. As the members of the jury dispersed some protested that their verdict had not been correctly reported. The court officers, on their own, reassembled the jury. The judge, on returning to the courtroom, questioned the court officers and discovered that it was in a passageway and corridor outside the court that some of the jurors made known their displeasure with the verdict. Ten minutes had elapsed from the time of discharge until the jury was reassembled. The judge instructed the jury to retire and to deliberate further, after which the jury announced they were unable to reach a verdict. Defendant's motion to declare null and void all proceedings following the return of the verdict of acquittal was granted on the ground that when the jury was discharged after rendition of its verdict and departed from the courtroom, its existence as a fact-finding entity under the continuous control and supervision of the trial judge ceased, and its members could not be reassembled to alter the verdict originally returned.
The overwhelming weight of authority elsewhere supports the position taken in Brandenburg. People v. Rushin, 37 *535 Mich. App. 391, 194 N.W.2d 718, 720-722 (Ct. App. 1971); Hayes v. State, 44 Ala. App. 499, 214 So.2d 708, 710 (Ct. App. 1968); Ware v. Graham, 417 P.2d 936, 939 (Okl. Ct. Crim. App. 1966); People v. DeStefano, 64 Ill. App.2d 389, 212 N.E.2d 357, 366-367 (Ct. App. 1965); People v. Hughes, 171 Cal. App.2d 362, 340 P.2d 679, 682-685 (Ct. App. 1959); Commonwealth v. Cano, 182 Pa. Super. 524, 128 A.2d 358, 366 (Super. Ct. 1956), aff'd 389 Pa. 639, 133 A.2d 800 (Sup. Ct. 1957), app. dism. 355 U.S. 182, 78 S.Ct. 267, 2 L.Ed. 2d 186 (1957); West v. State, 228 Ind. 431, 92 N.E.2d 852, 855 (Sup. Ct. 1950); Commonwealth v. Johnson, 359 Pa. 287, 59 A.2d 128, 129-131 (Sup. Ct. 1948); Ex parte Brown, 139 Kan. 614, 32 P.2d 507, 511 (Sup. Ct. 1934); Melton v. Commonwealth, 132 Va. 703, 711-712, 111 S.E. 291, 293-294 (Sup. Ct. App. 1922).
The fact that the jury was not returned for further deliberation but merely to report a verdict previously reached does not constitute a distinguishing feature sufficient to validate the later verdict. In Commonwealth v. Cano, supra, the jury was not returned to deliberate and nonetheless the proceedings subsequent to their discharge were invalidated because they had been permitted to disperse. See also, People v. DeStefano, supra. The fact that the uncontradicted evidence disclosed that the automobile was worth in excess of $500 on the day it was stolen does not remove the issue of value from jury consideration. State v. Jones, 275 N.C. 432, 168 S.E.2d 380, 384 (Sup. Ct. 1969).
The essential factor in determining whether a discharged jury can be reassembled in order to further deliberate or report on a verdict already reached is whether it has dispersed, left the jury box or courtroom, and had an opportunity to mingle with court attendants, other jurors, or third persons. The fact that the court has announced the jury's discharge will not foreclose subsequent proceedings by the jury, if its members have remained in the jury box or otherwise within the continuous control of the court. *536 Summers v. United States, 11 F.2d 583, 586 (4 Cir.1926), cert. den. 271 U.S. 681, 46 S.Ct. 632, 70 L.Ed. 1149 (1926). As noted by the Virginia Supreme Court in Melton v. Commonwealth, supra:
While the jury are in the actual presence of the court and under its control, it can see, without resort to testimony, that the fountain of justice has been kept pure, and that no harm could have come to the accused. Beyond this we are unwilling to go * * *. When the court announces their discharge, and they leave the presence of the court, their functions as jurors have ended, and neither with nor without the consent of the court can they amend or alter their verdict. The sanctitude of jury trials cannot be thus subjected to the hazard of suspicion. [111 S.E. at 293, 294.]
In the present case there is no question but that the jury dispersed. They were reassembled on the morning following their discharge. Clearly, in these circumstances the efforts of the trial judge to correct the defective verdict was of no avail.
The State requests this court to exercise its original jurisdiction to downgrade the conviction to the level of a misdemeanor, thus giving effect to the guilty verdict returned without a finding as to value.[1] We consider this suggestion to be an eminently practical one. To reverse and to remand would impugn the unanimous verdict reached without any just cause to do so. People v. Hughes, supra. Accordingly, in the exercise of our original jurisdiction, R. 2:10-5, we remand the case to the trial court for the entry of a judgment of conviction for the lesser misdemeanor offense of larceny and resentencing on that new conviction.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] The offense for which defendant was convicted occurred on October 22, 1970. This was after the effective date of N.J.S.A. 2A:119-2 as amended by L. 1970, c. 298, § 1, which increased the required minimum property value for conviction of a high misdemeanor from $200 to $500; but before the later amended statute reflected in L. 1972, c. 159, which denominated thefts of property of $200 or under in value to be a disorderly persons offense.