STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. LEVI FORD, DEFENDANT-RESPONDENT.

Argued December 12, 1978—Decided February 7, 1979.

*Mr. Frederick S. Cohen,* Deputy Attorney General, argued the cause for appellant *(Mr. John J. Degnan,* Attorney General of New Jersey, attorney).

*Mr. Michael I. Lubin,* Designated Counsel, argued the cause for respondent *(Mr. Stanley C. Van Ness,* Public Defender, attorney).

PER CURIAM. The judgment is reversed substantially for the reasons expressed in the dissenting opinion filed in the Appellate Division, which is reported at 165 *N. J. Super.* 249 (1978).

PASHMAN, J., concurring. I agree with the majority that the proper disposition of this case requires a reversal of the Appellate Division. My concurrence, however, is based on grounds more limited than those espoused by the dissenting opinion below, adopted today by this Court.

The standard applicable to the admissibility of identification evidence has recently been restated by the United States

Supreme Court in *Manson v. Brathwaite,* 432 *U. S.* 98, 97 *S. Ct.* 2243, 53 *L. Ed.* 2d 140 (1977). In that case the Court adopted a "totality of the circumstances" approach which is to be utilized in judging the legality of both in-court and out-of-court identifications. *Id.* at 109–114, 97 *S. Ct.* at 2250–2253, 53 *L. Ed.* 2d at 151–154. The first inquiry is whether any identification procedure utilized is "unnecessarily suggestive." If the procedure does not reach this level, the identification evidence is admissible. However, if the procedure is deemed to be "unnecessarily suggestive," further inquiry is necessary. In such cases the court must determine whether there are sufficient indicia of reliability to outweigh the "corrupting effect of the suggestive identification itself." *Id.* at 114, 97 *S. Ct.* at 2253, 53 *L. Ed.* 2d at 154.

The instant case can be decided solely with reference to the first inquiry. I believe that under the circumstances here present the procedures utilized were not "unnecessarily suggestive." Because this case can be decided on this basis alone, there is no need for further inquiry as to indicia of reliability.[1]

In the present case, the police officers arrived upon the scene only moments after the crime had been committed. The criminals involved might still have been in the immediate vicinity. Thus, rapid police action appeared warranted. Moreover, the *modus operandi* of the crime was recognized by the police officers and triggered in their minds a suspicion

---

[1]Inasmuch as I reach my determination on the grounds that there was no unnecessary suggestiveness, I have no occasion to consider whether the additional test of reliability is appropriate under the New Jersey Constitution. I merely wish to note that this aspect of the standard was the subject of a persuasive dissent by Justice Marshall in *Brathwaite, supra,* 432 *U. S.* at 118, 97 *S. Ct.* at 2255, 53 *L. Ed.* 2d at 156, and has been criticized by the commentators. *See;* *e. g.,* Grano, "*Kirby, Biggers* and *Ash*: Do any Constitutional Safeguards Remain Against the Danger of Convicting the Innocent?," 72 *Mich. L. Rev.* 717 (1974); Pulaski, "*Neil v. Biggers*: The Supreme Court Dismantles the *Wade* Trilogy's Due Process Protection," 26 *Stan. L. Rev.* 1097 (1974).

that defendant Ford was involved. Under the circumstances, it was not unreasonable for them to show the flier to the victims so that the suspects could be pursued before a successful escape was complete.

The Appellate Division majority held that the procedure used was unduly suggestive. In its view the police officers should have obtained descriptions of the suspects before displaying the flier, thus establishing a "benchmark" against which to determine the reliability of subsequent identifications. While such a procedure is more ideal than that utilized herein, and may be an appropriate standard to utilize in assessing similar future cases, the actions taken by the police in the instant case were sufficiently reasonable so as to escape constitutional condemnation. Some flexibility must be granted to the police in their good faith effort to fairly enforce the law. They should not, in the absence of prior judicial decision, be penalized for every slight deviation from what the courts may later deem to be perfect procedure.

Although I find, as did the Appellate Division majority, that the identification procedures utilized by the police did have a suggestive impact, in the light of the exigent circumstances present they were not unnecessarily suggestive. I agree with the trial judge that had the officers in addition to displaying the fliers stated that they were looking for the persons therein pictured and that these persons had committed similar crimes, a different case might well be presented. Here the message transmitted was subconscious rather than explicit. Thus, the suggestiveness, although still present, was reduced. In the absence of stronger indicia of prejudice, I find that the evidence was properly admitted.

On this limited basis I join the opinion of the Court.

PASHMAN, J., concurring in the result.

*For reversal*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*For affirmance*—None.