STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. WASHINGTON JACKSON, JR., DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 16, 1981—Decided December 28, 1981.

Before Judges MILMED, JOELSON and SEIDMAN.

*James R. Zazzali,* Attorney General of New Jersey, attorney for appellant (*Julian Wilsey,* Deputy Attorney General, of counsel and on the brief).

*Stanley C. Van Ness,* Public Defender, attorney for defendant-respondent (*Vincent J. Pancari,* Deputy Public Defender, of counsel and on the brief).

PER CURIAM.

By leave granted, the State appeals from an order of the Law Division prohibiting it from using a statement which defendant made to a State Police detective, Patrick Daniel Vona, following his polygraph examination.

The essential facts may be briefly summarized. Tried to a jury, defendant was found guilty of murder in the first degree. Following sentencing, he appealed. This court, in an unpublished opinion, reversed the conviction upon a holding that the results of the polygraph test administered to defendant by Detective Vona were erroneously admitted into evidence. The

basis for the holding was that defendant, when he submitted to the examination, did not have "a clear, unequivocal and complete understanding that the results of the examination could be admitted into evidence against him at his trial." In that opinion we also dealt with the matter of certain oral statements made by defendant to Detective Vona after being told by the officer that he had not answered some of the questions truthfully. Defendant claimed that Detective Vona should not have been permitted to testify regarding these post-polygraph statements because he (defendant) had not, before the oral statements were made, been given his *Miranda* warnings. We found that defendant had been given the full *Miranda* warnings immediately prior to taking the polygraph examination. We accordingly held that it was not necessary that he again be advised of his rights prior to making post-test admissions. *State v. Melvin*, 65 *N.J.* 1, 14 (1974). The opinion of the court added—and this is the origin of the present appeal—that "if in his discretion the trial judge at the re-trial should allow the testimony, extreme care must be exercised to insure that no reference be made to the defendant having taken a polygraph examination."

At a subsequent pretrial hearing on the admissibility of the statements,[1] the trial judge found that defendant had been given his *Miranda* rights and that the statement he made to Detective Vona after the polygraph examination was voluntary

---

[1] Detective Vona explained that in his talk with defendant before conducting the first polygraph test, defendant "stated that he had danced with the victim inside the Woodside Inn and that he had never been alone with her and that he never left the building and that he did not kill her." After the first "six-minute test," Vona and defendant had a 15- to 20-minute conversation "about things not related to the crime." After "running" the second test Vona, who was then of the opinion that defendant "had not told the truth during the test," discussed one of the test questions (# 28) with him, *viz.*, "On Saturday night, November 17, 1973, was Missouria Jackson inside your Bonneville?" Vona testified that after some conversation "with reference to it, [defendant] admitted that he had lied to me in that he had gone out into his Bonneville with the victim. He wanted to make out." Later, defendant denied making the admission.

and would "under normal circumstances" be admissible. Never-theless, he voiced the fear that defendant would be unable to explain away the circumstances of his giving the statement without revealing to the jury that a polygraph examination was given to him. Relying on our words, "if in his discretion the trial judge . . . should allow the testimony," he chose to invoke *Evid. R.* 4 and held that the prejudice to defendant would outweigh the probative value of the statement. We granted the State leave to appeal from the order prohibiting it from using the statement.

We reverse. *Evid. R.* 4 should not have been used to exclude the statement for several reasons. First, the proffered declara-tion against interest is of obvious high probative value, tending as it does to establish defendant's opportunity to commit the crime. Second, the record does not support the finding that "the probative value of [the] statement is outweighed by the prejudice resulting to the defendant." As the Supreme Court observed in *Stoelting v. Hauck*, 32 *N.J.* 87 (1960):

> . . . The search for truth is ordinarily best served by the fullest disclosure of relevant facts and circumstances, *In re Richardson*, 31 *N.J.* 391 (1960), and any evidence which would aid the jury in that search, unless some specific rule forbids it, should ordinarily be admitted. [at 103]

And, as the court further noted in *State v. McKnight*, 52 *N.J.* 35 (1968):

> There is no right to escape detection. There is no right to commit a perfect crime or to an equal opportunity to that end. The Constitution is not at all offended when a guilty man stubs his toe. On the contrary, it is decent to hope that he will. Nor is it dirty business to use evidence a defendant himself may furnish in the detectional stage. Voluntary confessions accord with high moral values, and as to the culprit who reveals his guilt unwittingly with no intent to shed his inner burden, it is no more unfair to use the evidence he thereby reveals than it is to turn against him clues at the scene of the crime which a brighter, better informed, or more gifted criminal would not have left. Thus the Fifth Amendment does not say that a man shall not be permitted to incriminate himself, or that he shall not be persuaded to do so. It says no more than that a man shall not be "compelled" to give evidence against himself. [at 52]

Third, defendant's *Miranda* rights having been properly waived, we discern no sound basis for depriving the State of the right to offer his statement without disclosing the fact of the polygraph test. If defendant denies making the statement, the test would

not be implicated by that denial. If he undertakes to explain the statement, the fact that in doing so he might have to disclose the test should not serve as a bar to admission of the statement in evidence.

The order under review is reversed. The matter is remanded to the Law Division for further proceedings consistent herewith.