218 N.J. Super. 595 (1987)
528 A.2d 928
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANGELO PAUL D'AMATO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 6, 1987.
Decided June 30, 1987.
*599 Before Judges FURMAN, SHEBELL and STERN.
Barbara J. Lieberman argued the cause on behalf of appellant (Alfred A. Slocum, Public Defender, attorney; Barbara J. Lieberman, designated counsel and on the brief).
Mary Ellen Halloran, Deputy Attorney General, argued the cause on behalf of respondent (W. Cary Edwards, Attorney General, attorney; Mary Ellen Halloran, of counsel and on the brief).
The opinion of the court was delivered by STERN, J.A.D.
Defendant was indicted for murder, contrary to N.J.S.A. 2C:11-3a, and theft, in violation of N.J.S.A. 2C:20-3. Tried to a jury, defendant was convicted of third degree theft. The jury could not reach a verdict on the murder count and a mistrial was declared. At a second trial, defendant was convicted of the murder. The offenses occurred in February, 1981.
On the murder conviction defendant was sentenced to life imprisonment with 25 years of parole ineligibility. On the theft conviction, defendant was sentenced to a consecutive five year term with two and one-half years to be served before parole eligibility. Defendant appeals and contends:
I THE JUDGE ERRED IN PERMITTING THE STATE TO CHANGE THE DATE OF OFFENSE DURING THE TRIAL.
II DEFENDANT'S THEFT CONVICTION SHOULD BE TREATED AS A DISORDERLY PERSONS OFFENSE BECAUSE THE INDICTMENT MADE NO MENTION OF VALUE, THE TRIAL JUDGE WAS WITHOUT AUTHORITY *600 TO SUBMIT THE QUESTION OF VALUE TO THE JURORS, AND THE JUDGE FAILED TO CHARGE THAT THE STATE MUST PROVE VALUE BEYOND A REASONABLE DOUBT.
III THE TRIAL COURT COMMITTED HARMFUL ERROR WHEN IT REFUSED TO ANSWER THE JURY'S QUESTION REGARDING THE EFFECT OF A FAILURE TO REACH A UNANIMOUS VERDICT.
IV ADMISSION OF EVIDENCE REGARDING THE NARZIKUL BURGLARY WAS HARMFUL ERROR AND VIOLATED EVID.R. 55.
V THE JUDGE ERRED IN REFUSING TO ALLOW DEFENDANT TO INTRODUCE EVIDENCE OF OTHER CRIMES DEFENSIVELY.
VI IT WAS HARMFUL ERROR TO ADMIT HACKSAWS AND BLADES INTO EVIDENCE WHICH HAD NO SIGNIFICANCE IN THIS CASE; THIS ERROR WAS COMPOUNDED BY THE JUDGE'S FAILURE TO ISSUE A CAUTIONARY INSTRUCTION TO THE JURY DESPITE HIS AGREEMENT TO DO SO.
VII THE TRIAL COURT IMPROPERLY LIMITED DEFENDANTS CROSS-EXAMINATION OF THE STATE'S WITNESS ARTHUR DEVINE (harmful error).
A. Defendant was entitled to cross-examine Devine regarding a pending disorderly persons charge.
B. Defendant should have been allowed to question Arthur Devine regarding his training as a Green Beret.
VIII IT WAS HARMFUL ERROR TO ADMIT THE MEDICAL EXAMINER'S TESTIMONY AS TO WHY SHE BELIEVED THAT THE VICTIM'S MANNER OF DEATH WAS HOMICIDE.
XI IT WAS HARMFUL ERROR TO DENY DEFENDANT'S MOTION FOR A MISTRIAL AFTER THE PROSECUTOR INTENTIONALLY ELICITED TESTIMONY FROM A WITNESS CONCERNING POLYGRAPHS.
X DEFENDANT'S CONVICTION FOR MURDER MUST BE REVERSED BECAUSE OF THE STATE'S FAILURE TO PROVIDE DISCOVERY REGARDING THE "CRIME STOPPERS" PAYMENT TO DEVINE.
XI THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE (partially raised below).
XII THE MISTRIAL ON THE MURDER CHARGE WAS OCCASIONED BY THE EGREGIOUS CONDUCT OF THE PROSECUTOR; THUS THE DEFENSE OF FORMER JEOPARDY APPLIES TO THE SECOND TRIAL OR ANY RETRIAL OF THIS MATTER.
XIII DEFENDANTS MOTION FOR MISTRIAL BECAUSE OF PROSECUTORIAL MISCONDUCT SHOULD HAVE BEEN GRANTED; DEFENDANT'S CONVICTION FOR MURDER MUST BE REVERSED WITH A BAR AGAINST RETRIAL ON THE BASIS OF FORMER JEOPARDY.
XIV THE CUMULATIVE EFFECT OF THE NUMEROUS ERRORS AND IRREGULARITIES AT BOTH TRIALS SERVED TO DEPRIVE DEFENDANT OF A FAIR TRIAL.
XV DEFENDANT'S SENTENCE IS MANIFESTLY EXCESSIVE.
A. The judge incorrectly assessed the aggravating factors.

*601 B. Consecutive sentences for murder and theft were improperly imposed.
Our careful review of the record convinces us that defendant's attack on the murder conviction may be summarily rejected and that the points he raises with respect to that conviction are so clearly without merit that extended discussion is not warranted. R. 2:11-3(e)(2). Any errors committed during the first trial were mooted as a result of the jury's inability to reach a verdict at that trial. As defendant was not convicted of murder at the first trial, he cannot complain of the errors in that matter which relate only to that charge. By the time of retrial, defendant was on notice with respect to the evidence to be presented against him.
While it is true that the State's critical witness, Arthur Devine, lied to the jury during the second trial about not having received a reward from Crime Stoppers, it was conceded by defense counsel that the prosecutor did not know of that fact at the time of Devine's testimony and that the prosecutor made the true facts known to the court and defense counsel when he received the information. See R. 3:13-3(f). We cannot conclude that the trial judge abused his discretion by permitting the prosecutor to recall Devine to develop that subject, as opposed to permitting the matter to be developed exclusively through a witness subpoenaed by the defense to attack Devine's credibility.
We note that the reference to the present assignment of a State's witness as a polygraph operator for the prosecutor was not prejudicial because the witness was asked about his participation in the investigation "before you were the polygraph operator," and there was no reference to any polygraph examination. With respect to an unrelated claim of error, the jury knew, as a result of defendant's direct testimony, of his prior manslaughter conviction.
We are satisfied that any errors at the second trial, either alone or in the aggregate, do not warrant a new trial. This is particularly true in light of the testimony of John Weber, who *602 testified as to defendant's admissions to him which were consistent with the testimony of Arthur Devine, and the totality of the evidence in the case.
Defendant argues that a mistrial should have been granted during the first trial and that a "hung jury" resulted because of prosecutorial misconduct and that, as a result of that misconduct, retrial should have been precluded. The jury could not reach a verdict on the murder count during the first trial. As a result, a "hung jury" was declared. When a defendant moves for mistrial which is granted, the double jeopardy clause precludes a second trial only where the conduct of the prosecutor giving rise to the motion was intended to provoke the defendant into moving for a mistrial. Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). Even assuming contrary to our view that there was such conduct by the prosecutor in this case, we reject the contention that this double jeopardy principle applies where the case was presented to the jury and the mistrial was the result of a hung jury. See and compare Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); State v. Rechtschaffer, 70 N.J. 395 (1976); State v. DeMarco, 211 N.J. Super. 421 (App. Div. 1986).[1]See also N.J.S.A. 2C:1-9d.
*603 Defendant contends that the conviction for third degree theft must be vacated because the indictment was defective in not charging the value of the items stolen, because the trial judge did not have authority to submit the question of value to the jury after it had announced its verdict without specificity as to value, and because the trial judge failed to charge the jury that value must be proven beyond a reasonable doubt.
The theft count of the indictment alleged neither the value of the items stolen nor the degree of offense. The count in its entirety reads:
On or about the 18 day of February 1981, in the City of Ventnor, County of Atlantic aforesaid and within the jurisdiction of this court, the said
ANGELO PAUL D'AMATO
did unlawfully take certain movable property to wit: U.S. Currency, jewelry and fur coats the property of Keerans E. Carter a/k/a Kerry Carter with the intent to deprive said person of same, contrary to the provisions of N.J.S. 2C:20-3, and against the peace of this State, the government and dignity of the same.
During jury deliberations in the first trial, a guilty verdict was reached on the theft count. However, deliberations on the murder charge continued into the following day. When it appeared that the jury could not reach a verdict on the murder count, the trial court declared a mistrial on that count and thereafter directed the jury to determine the value of the property stolen as the court had neglected in its initial instructions to direct the jury to indicate value in its verdict. In its supplementary instructions, the court advised the jury that it "must find beyond a reasonable doubt that the particular property was stolen property as alleged in the second count of the indictment." However, the court did not specifically advise the jury that it was necessary for the State to prove the value of the items taken beyond a reasonable doubt. Rather, the court merely instructed the jury that it had to find the value of the *604 property stolen. A special verdict sheet was given to the jury, see R. 3:19-1, and the jury deliberated about 10 minutes before finding the value to be over $500.
The burden of proving all elements of a criminal offense is upon the State by proof beyond a reasonable doubt. See State v. Ingram, 98 N.J. 489, 496 (1985). See also N.J.S.A. 2C:1-13a. At least prior to the adoption of the Code of Criminal Justice, effective September 1, 1979, the value of stolen property constituted an element of a theft offense. See State v. Lopez, 160 N.J. Super. 30, 36-38 (App.Div. 1978); State v. Inman, 140 N.J. Super. 510 (App.Div. 1976). Theft constitutes a crime of the third degree if the amount taken exceeds $500 but is less than $75,000, a crime of the fourth degree if the amount stolen is at least $200 but does not exceed $500 and a disorderly persons offense if the amount involved is less than $200. See N.J.S.A. 2C:20-2b. As a conviction for a disorderly persons theft offense does not require proof of value so long as it can be inferred from the evidence that the property had some value, defendant argues that in the absence of an appropriate indictment, instructions and verdict as to value, the judgment must be amended to result in a conviction for a disorderly persons offense only. See State v. Lopez, supra, 160 N.J. Super. at 33-34. See also State v. Fungone, 134 N.J. Super. 531, 536 (App.Div. 1975), certif. den. 70 N.J. 526 (1976).
We conclude that the trial judge did not err in submitting the question of value to the jury after it had announced its verdict of guilt to the charge of theft. The jury had not been discharged and had continued its deliberations on the other count. As long as the jury had not been discharged, it was not inappropriate for the judge to submit the issue of value to the jury which could continue deliberations on an issue related to its prior deliberations and verdict. Cf. State v. Hardison, 99 N.J. 379, 391 (1985); State v. Fungone, supra, 134 N.J. Super. at 535-536.
*605 The judge should have charged the jury, at the time of its supplementary instructions, that the determination of value had to be supported by proof beyond a reasonable doubt. However, the charge must be considered as a whole, see State v. Wilbely, 63 N.J. 420 (1973), and we are satisfied that the jury fully understood this requirement as a result of the court's initial charge concerning the State's obligation to prove all elements by proof beyond a reasonable doubt.
However, the failure of the indictment to allege a third degree theft or theft of over $500 in value is of considerable concern.
In State v. Catlow, 206 N.J. Super. 186 (App.Div. 1985), certif. den. 103 N.J. 465 (1986) and 103 N.J. 466 (1986), defendant was charged with robbery in violation of N.J.S.A. 2C:15-1, but the indictment neither specified the degree of crime nor the facts necessary to sustain a conviction for a first degree crime. In the course of our opinion, Judge Shebell wrote:
An indictment must serve as notice to the accused of the charge against him and must apprise him sufficiently so that he may prepare an adequate defense. State v. Wein, 80 N.J. 491, 497 (1979). In our view an accused reading the indictment in question would not be put on notice that he was charged with more than a second-degree crime. The State takes the position that under State v. Talley, 94 N.J. 385 (1983) and Bibby v. Tard, 741 F.2d 26 (3d Cir.1984) there can be no challenge because the defendant should have been aware of the victim's assertions that a knife was used in the incident as her grand jury testimony was available through discovery and therefore there was no unfair surprise.
The State's position overlooks the basic issue of whether or not defendant's State constitutional right to indictment or presentment was violated. We conclude that the indictment is inadequate. In the absence of the inclusion of either facts or statutory language constituting a first-degree robbery, there can be no determination by a reviewing court as to whether or not the grand jury, although hearing sufficient evidence to constitute a first-degree robbery, accepted or rejected such evidence. The indictment in question does not demonstrate a grand jury determination that it was satisfied that a first-degree crime had occurred.
We consider determination of the degree of a crime to be an essential element of the grand jury function. Failure of an indictment to demonstrate this *606 function has been carried out, not unlike the failure to include a necessary element of an offense, constitutes a denial of defendant's rights. Cf. State v. Gibbs, 134 N.J.L. 366, 370 (Sup.Ct. 1946). The State's reference to the distinction between first and second-degree robbery as being merely one of grading is to our view unrealistic in light of the importance of such distinction to a defendant. This distinction may be of far greater consequence to an accused than the obtaining of an acquittal on a crime of a lesser degree. See State v. Federico, 198 N.J. Super. 120, 128-129 (App.Div. 1984). [206 N.J. Super. at 194-195].
See also State v. Federico, 103 N.J. 169 (1986) (holding that the State had the burden of proving the factor which elevates kidnapping from second degree to first degree).
We recognize that, unlike the crimes of kidnapping and robbery where the grading provisions are embodied in the same section of the Code as the elements of the offense, the grading provisions of theft offenses are embodied in a different section than the elements. See N.J.S.A. 2C:20-2, -3. We also recognize that if the grading provisions do not constitute elements of the offense there is no federal constitutional requirement that the State prove the value by proof beyond a reasonable doubt, see Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and that the determination of certain factors necessary for sentencing need not be resolved by proof beyond a reasonable doubt, at least when those factors are not elements of the offense, see, e.g., State v. White, 98 N.J. 122 (1984); State v. Des Marets, 92 N.J. 62 (1983) (Graves Act).[2] However, N.J.S.A. 2C:20-2b(4) provides, in part, that "The amount involved in a theft shall be determined by the trier of fact." We therefore have no hesitation in concluding that the *607 amount of the theft constitutes an element of the offense to be proven by proof beyond a reasonable doubt and that, as an element of the offense, the amount must be alleged in the indictment.
Under our State constitution, there is a right of indictment by grand jury, N.J.Const. (1947), Art. I, par. 8, and when dealing with an allegation of theft, the grand jury must focus on value as well as the other elements of the offense. The main purpose of the indictment is to provide adequate notice so that the defendant can prepare a defense, and "the indictment must clearly identify and charge the criminal offense." State v. Smith, 210 N.J. Super. 43, 59 (App.Div. 1986), certif. den. 105 N.J. 582 (1986), citing State v. Wein, 80 N.J. 491, 497 (1979); State v. Talley, 94 N.J. 385, 392 (1983).
We nevertheless affirm the third degree theft conviction in this case. While a lesser included, non-indictable offense may be presented to the jury at the trial of an indictment, there is no rule authorizing joinder of a non-indictable with an indictable for trial. Cf. State v. Dively, 92 N.J. 573, 589-590 (1983); State v. Lopez, supra.[3] Moreover, there is no right of indictment or trial by jury for an offense embodying a maximum sentence of six months or less. See N.J. Const. (1947), Art. I, par. 8, 9; N.J.S.A. 2C:1-4a, -4b. Hence, defendant must have understood that the indictment for theft charged him with a crime and not a mere disorderly persons offense. The real question is whether the conviction for a third degree crime, as opposed to the least serious indictable theft, a fourth degree crime, can survive.
Defendant addressed no motion or objection to the failure of the grand jury to allege any value or degree of offense. The indictment specified that "U.S. Currency, jewelry and fur coats" belonging to the murder victim were taken by *608 defendant. On direct examination defendant testified that he received approximately $2,200 for the victim's jewelry upon disposing of it at the request of Devine. He also admitted taking and selling the victim's furs. Other testimony was offered that defendant sold her jewelry and three of her fur coats.
Defendant raised no objection to the indictment, charge or instructions on the ground that no third-degree crime was alleged. Under these circumstances we reject the belated attack on the sufficiency of the indictment as embodying a third-degree crime. See, e.g., United States v. Mechanik, 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986); State v. Schmidt, 213 N.J. Super. 576 (App.Div. 1986), certif. granted 107 N.J. 635 (1987).[4]
Although the trial judge made certain fact-finding which he employed to find more than one aggravating factor and although the judge did not specifically address reasons for imposing a maximum sentence and consecutive sentence for the theft, we find no reason to disturb the sentences imposed. See, e.g., State v. Roth, 95 N.J. 334 (1984); State v. Porter, 210 N.J. Super. 383, 396-397 (App.Div. 1986), certif. den. 105 N.J. 556 (1986) and 105 N.J. 557 (1986). Defendant's record included a prior conviction for manslaughter, the aggravating factors substantially outweighed the mitigating, and the theft was of property taken after the victim had been killed and dismembered.
Affirmed.
NOTES
[1] The bar to retrial when a mistrial is granted on defendant's motion flows from defendant's "successful motion for a mistrial," Oregon v. Kennedy, 456 U.S. 667, 679, 102 S.Ct. 2083, 2083, 2091, 72 L.Ed.2d 416, 427 (1982). When a defendant appeals from a conviction based on failure to grant a mistrial, and reversal results, there is no double jeopardy preclusion to retrial. In addition, retrial has always been permitted after a "hung jury." See, e.g., Oregon v. Kennedy, supra, 456 U.S. at 672, 102 S.Ct. at 2087, 72 L.Ed.2d at 422. See also id., 456 U.S. at 676, 102 S.Ct. at 2089, 72 L.Ed.2d at 425. Moreover, our State constitutional protection against double jeopardy is coextensive with the Federal constitution or is to be interpreted consistent with its broader provision, see, e.g., State v. Barnes, 84 N.J. 362, 370 (1980); State v. Rechtschaffer, 70 N.J. 395, 404 (1976), and N.J.S.A. 2C:11-3f, concerning the consequences of failure to reach a unanimous verdict and directing the court to advise the jury about same, does not apply in the guilt phase of a case. We acknowledge, however, that a new trial cannot be conducted when the judge determines that there is evidentiary insufficiency even though the case was presented to the jury which could not reach a verdict. See and compare United States v. Martin Linen Supply Co., 430 U.S. 564, 97 S.Ct. 1341, 51 L.Ed.2d 642 (1977); United States v. Wilson, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). There is a clear difference between evidentiary insufficiency and the issues we address herein.
[2] We also recognize that it might be argued that one cannot be convicted of first degree robbery or first degree kidnapping unless he is guilty of those crimes in the second degree and the additional aggravating factors are also proven beyond a reasonable doubt, whereas in theft, the grading provisions relate to required fact-finding that the value was less than $200, or $200 to $500 or in excess of $500.
[3] See also N.J.S.A. 2C:1-8b dealing with mandatory joinder of criminal or indictable offenses; State v. Tamburro, 137 N.J. Super. 51 (App.Div. 1975).
[4] While United States v. Mechanik did not consider constitutional values and involved procedural irregularities, there is a federal constitutional right to indictment before answering charges in the federal system. Although that right under the Fifth Amendment does not apply to the states, Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972), there is a similar state constitutional right to indictment in New Jersey. See N.J. Const. (1947), Art. I, par. 8. As Mechanik involved a federal prosecution, we read it to have certain constitutional impact.