253 N.J. Super. 145 (1992)
601 A.2d 247
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LESLIE SCOTT SMITH, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 25, 1991.
Decided January 16, 1992.
*146 Before Judges BILDER, STERN and KEEFE.
Wilfredo Caraballo, Public Defender, attorney for appellant (Mordecai Garelick, Assistant Deputy Public Defender, of counsel and on the letter brief).
Alan A. Rockoff, Middlesex County Prosecutor, attorney for respondent (Wade S. Baker, Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by STERN, J.A.D.
*147 Defendant was convicted of bail jumping by virtue of his non-appearance for sentencing after his conviction for third degree possession of cocaine, contrary to N.J.S.A. 2C:29-7. He was sentenced to 5 years in custody with 1 1/2 years before parole eligibility. On this appeal defendant argues:
POINT I DEFENDANT SHOULD HAVE BEEN ACQUITTED BECAUSE HIS INABILITY TO RAISE FUNDS TO FINANCE A TRIP TO NEW JERSEY TO APPEAR IN COURT SHOULD HAVE BEEN DEEMED A LAWFUL EXCUSE FOR HIS NONAPPEARANCE.
POINT II THE CONVICTION AND SENTENCE SHOULD BE MODIFIED FROM THIRD TO FOURTH DEGREE BECAUSE THE STATE FAILED TO PROVE THAT DEFENDANT TOOK FLIGHT OR WENT INTO HIDING TO AVOID APPREHENSION (Not Raised Below).
There being sufficient evidence to support the finding of the judge following a bench trial that defendant's indigency was not the reason for his non-appearance at sentencing, we need not consider defendant's contention that indigency can provide a "legal excuse" under N.J.S.A. 2C:29-7 for a failure to appear.
However, we agree with defendant that the trial judge did not make findings necessary to sustain a third degree conviction. See R. 1:7-4.[1] The trial judge apparently interpreted N.J.S.A. 2C:29-7 as providing a third degree crime for failure to appear to answer for a third degree crime.
N.J.S.A. 2C:29-7 provides with respect to grading that:

*148 The offense constitutes a crime of the third degree where the required appearance was to answer to a charge of a crime of the third degree or greater, or for disposition of any such charge and the actor took flight or went into hiding to avoid apprehension, trial or punishment. The offense constitutes a crime of the fourth degree where the required appearance was otherwise to answer to a charge of crime or for disposition of such charge. The offense constitutes a disorderly persons offense or a petty disorderly persons offense, respectively, when the required appearance was to answer a charge of such an offense or for disposition of any such charge. Where the bail imposed or summons issued is in connection with any other violation of law, the failure to appear shall be a disorderly persons offense.
The trial judge's apparent interpretation has some merit due to the first comma in the first of the quoted sentences. However, the following sentence makes it a crime of the fourth degree for failure to appear to answer for any crime, which would include a first, second or third degree crime. Hence, the State must prove flight or that the defendant "went into hiding to avoid apprehension, trial or punishment" for "a crime of the third degree or greater" in order to sustain a conviction for third degree bail jumping. As the commentary to this section of the proposed Code of Criminal Justice (which was not changed in this respect at the time of adoption) indicates, flight or hiding is an element of the third degree offense. The commentary provides:
As is true with our existing law, we generally grade this offense according to the offense for which the defendant was required to appear. However, in the case of crime, we abandon this and make all such nonappearances crimes of the fourth degree unless (1) the offense charged is a crime of the third degree or higher and (2) proof of flight or hiding to avoid answering is shown. In this case, the offense is a crime of the third degree. [II Commentary, Final Report of the New Jersey Criminal Law Commission, at 289].
As the trial judge did not include this element when detailing the elements of the offense, and as he made no fact-finding with respect to flight or hiding by the defendant,[2] we remand *149 for further findings of fact and conclusions of law on the record already made.
We do not now find insufficient evidence to sustain a third degree conviction. Therefore, there is no jeopardy consequence precluding such a remand. See e.g., Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Green v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); see also Lockhart v. Nelson, 488 U.S. 33, 38-42, 109 S.Ct. 285, 289-292, 102 L.Ed.2d 265, 272-275 (1988); State v. Williams, 226 N.J. Super. 94, 104-108, 543 A.2d 965 (App.Div. 1988). Only if the judge finds the requisite elements of third degree bail jumping may defendant be convicted for that offense.
Accordingly, the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] We recognize that defendant did not request the judge to "find the facts specially," as required by R. 1:7-4. But here the fact-finding was necessary to distinguish between third degree bail jumping and a lesser included fourth degree offense. In these circumstances the fact-finding was also necessary to evaluate what elements the judge considered, just as the instructions are reviewed in a jury trial to determine legal error. Because a violation of N.J.S.A. 2C:29-7 requires a finding of knowing culpability, see N.J.S.A. 2C:2-2(c)(3), we do not pass on whether the burden can be placed on defendant by the affirmative defense to prove "that he did not knowingly fail to appear." The trial judge here expressly found defendant "knowingly and intentionally did not return to court for his sentencing" and that his claim of indigency was not the reason.
[2] While these factors relate to the degree of offense only, we must treat them as elements of the offense to be decided by the fact finder. Cf. e.g., State v. Federico, 103 N.J. 169, 510 A.2d 1147 (1986); State v. D'Amato, 218 N.J. Super. 595, 605, 606, 528 A.2d 928 (App.Div. 1987), certif. den. 110 N.J. 170, 540 A.2d 169 (1988); State v. Catlow, 206 N.J. Super. 186, 502 A.2d 48 (App.Div. 1985), certif. den. 103 N.J. 465 and 103 N.J. 466, 511 A.2d 648 (1986).