936 A.2d 459 (2007)
397 N.J. Super. 112
STATE of New Jersey, Plaintiff-Appellant
v.
Roger EMMONS, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 2007.
Decided December 7, 2007.
Maura K. Tully, Deputy Attorney General, argued the cause for appellant (Anne *461 Milgram, Attorney General, attorney; Ms. Tully, of counsel and on the brief).
Jay L. Wilensky, Assistant Deputy Public Defender, argued the cause for respondent (Yvonne Smith Segars, Public Defender, attorney; Mr. Wilensky, of counsel and on the brief).
Before Judges SKILLMAN, WINKELSTEIN and YANNOTTI.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
This appeal involves the constitutionality of the section of the Code of Criminal Justice that proscribes a defendant's failure to appear either in court or for service of a sentence. This section, N.J.S.A. 2C:29-7, provides in pertinent part:
A person set at liberty by court order, with or without bail, or who has been issued a summons, upon condition that he will subsequently appear at a specified time and place in connection with any offense or any violation of law punishable by a period of incarceration, commits an offense if, without lawful excuse, he fails to appear at that time and place. It is an affirmative defense for the defendant to prove, by a preponderance of evidence, that he did not knowingly fail to appear.
This appeal presents two issues regarding the constitutionality of N.J.S.A. 2C:29-7: first, whether this section violates the requirement that the State prove every element of an offense beyond a reasonable doubt by imposing a burden upon a defendant to prove that (a) there was a "lawful excuse" for his failure to appear and (b) his failure to appear was "not knowingly"; and second, whether the requirement that the State prove that a defendant's failure to appear was "without lawful excuse" is unconstitutionally vague.
We conclude that N.J.S.A. 2C:29-7 does not impose a burden upon a defendant to prove that there was a lawful excuse for his failure to appear. We also conclude that even though a jury instruction in the language of the second sentence of N.J.S.A. 2C:29-7 would impose an unconstitutional burden upon a defendant to disprove the "knowing" mental culpability element of the offense, this constitutional defect can be avoided by a jury instruction that omits any reference to a defendant having the burden to prove that his failure to appear was "not knowingly." In addition, we conclude that the "without lawful excuse" element of N.J.S.A. 2C:29-7 is not unconstitutionally vague. Therefore, we uphold the constitutionality of N.J.S.A. 2C:29-7.

I
Defendant was indicted for aggravated assault, in violation of N.J.S.A. 2C:12-1b(1), and various other offenses. He failed to appear on the scheduled trial date and was not apprehended until a year later. Defendant was subsequently indicted for the failure to appear, in violation of N.J.S.A. 2C:29-7.[1]
A jury found defendant guilty of aggravated assault and the other offenses charged in the original indictment. Defendant *462 then pled guilty pursuant to a plea agreement to the failure to appear charge.
The trial court sentenced defendant for the aggravated assault to a ten-year term of imprisonment, subject to the 85% parole ineligibility period mandated by the No Early Release Act, N.J.S.A. 2C:43-7.2. The court imposed a concurrent sentence for one of the other offenses charged in the original indictment and merged the rest. The court also imposed a concurrent four-year sentence for the violation of N.J.S.A. 2C:29-7.
On appeal, we affirmed defendant's convictions and sentences on the charges in the original indictment in an unreported opinion. State v. Emmons, No. A-0706-04, 2005 WL 3525959 (App.Div. Dec. 27, 2005). However, we vacated defendant's conviction and sentence for the violation of N.J.S.A. 2C:29-7 because defendant had failed to provide an adequate factual basis for his plea. Specifically, we concluded that defendant failed to provide any factual basis for finding that his failure to appear was "without lawful excuse." Accordingly, we remanded the case to the trial court so that defendant could either re-plead and provide an adequate factual basis for the plea or proceed to trial.
Following the remand, defendant moved to dismiss the indictment on the grounds that the evidence presented to the grand jury was insufficient to support the indictment and that N.J.S.A. 2C:29-7 is unconstitutional because it shifts the burden of proving the "without lawful excuse" and "knowing" mental culpability elements of the offense to defendant. At the argument on the motion, the trial court also raised the question whether N.J.S.A. 2C:29-7 is unconstitutionally vague because it does not define the term "without lawful excuse."
The trial court granted defendant's motion to dismiss the indictment on the ground that N.J.S.A. 2C:29-7 is unconstitutional. In an oral opinion, the court stated:
[W]e all know, and we can say it a hundred times over, that the State has the burden of proof that he failed to appear without lawful excuse beyond a reasonable doubt.
. . . But I believe that what happens when the prosecution is permitted, by the plain language of the statute, to have the jury speculate as to what would be a lawful excuse, and infer that he's got to come forward, what we are doing in the body of the statute is we are creating an inference that a defendant must say what his lawful excuse was. Otherwise, he is going to be found guilty. And that . . . runs afoul of the Constitution.
The court did not address defendant's argument regarding the sufficiency of the evidence to support the indictment.
The State appeals from the trial court's dismissal of the indictment based on its conclusion that N.J.S.A. 2C:29-7 is unconstitutional.
It is unclear whether the trial court declared N.J.S.A. 2C:29-7 unconstitutional on the ground that it shifts the burden of proof to the defendant regarding the "without lawful excuse" and "knowing" elements of the offense or that the "without lawful excuse" element of the offense is unconstitutionally vague. In any event, both of these alleged constitutional deficiencies in N.J.S.A. 2C:29-7 were raised either by defendant or the trial court. Therefore, they are properly before us on appeal.

II
We first consider whether N.J.S.A. 2C:29-7 shifts the burden to the defendant of disproving the "without lawful excuse" and "knowing" elements of this offense. *463 The basic elements of a violation of N.J.S.A. 2C:29-7 are set forth in the first sentence, as follows:
A person set at liberty by court order, with or without bail, or who has been issued a summons, upon condition that he will subsequently appear at a specified time and place in connection with any offense or any violation of law punishable by a period of incarceration, commits an offense if, without lawful excuse, he fails to appear at that time and place.
Consequently, to establish a violation of N.J.S.A. 2C:29-7, the State must prove beyond a reasonable doubt that:
(1) The defendant was charged "with [an] offense or . . . violation of law punishable by a period of incarceration[;]"
(2) The defendant was "set at liberty by court order, with or without bail, . . . or . . . issued a summons, upon condition that he will subsequently appear at a specified time and place[;]"
(3) The defendant "fail[ed] to appear at that time and place"; [and]
(4) That failure to appear was "without lawful excuse."
N.J.S.A. 2C:29-7 does not expressly indicate what "culpable mental state" is required for commission of this offense. Therefore, the "gap filler" provision of N.J.S.A. 2C:2-2c(3) applies to N.J.S.A. 2C:29-7, thus requiring the State to show that a defendant's failure to appear was "knowing." N.J.S.A. 2C:2-2b(2); see State v. Demarest, 252 N.J.Super. 323, 326-27, 599 A.2d 937 (App.Div.1991). This required mental state for commission of a violation of N.J.S.A. 2C:29-7 is an additional element of the offense. See N.J.S.A. 2C:1-14h(1)(b) (defining an "element of an offense" to include "such conduct . . . as . . . [e]stablishes the required kind of culpability"); and N.J.S.A. 2C:1-14d (defining "conduct" to include "an action or omission and its accompanying state of mind" (emphasis added)).
The Code expressly provides that "[n]o person may be convicted of an offense unless each element of such offense is proved beyond a reasonable doubt." N.J.S.A. 2C:1-13a; see also In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970) ("[T]he Due Process Clause [of the Fourteenth Amendment] protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."). Therefore, to establish a violation of N.J.S.A. 2C:29-7, the State must prove every element beyond a reasonable doubt, including that defendant's failure to appear was "without lawful excuse" and was "knowing."

A
Despite the fact that the Code places the burden on the State to prove every element of an offense beyond a reasonable doubt, defendant argues that a person accused of violating N.J.S.A. 2C:29-7 is the only one who knows the reason for his failure to appear, and for this reason N.J.S.A. 2C:29-7 requires the accused to disprove the "without lawful excuse" element of the offense. The short answer to this argument is that N.J.S.A. 2C:29-7 does not create a presumption that a defendant's failure to appear is "without lawful excuse." Compare State v. Ingram, 98 N.J. 489, 488 A.2d 545 (1985). The State has the burden to present sufficient evidence to establish this element, and if it fails to do so, the charge must be dismissed.
There is no need to engage in an extended discourse regarding the kind of evidence that may be sufficient to carry this burden, except to note that the State may *464 be able to present either direct or circumstantial evidence to establish that a failure to appear was "without lawful excuse." For example, a fugitive may make inculpatory statements upon being apprehended that would provide direct evidence of this element. A defendant's departure from the courthouse during trial may provide compelling circumstantial evidence of this element. A defendant's failure to appear, followed by a significant period during which he fails to communicate with the court or prosecutor, also may provide sufficient circumstantial evidence that the failure to appear was "without lawful excuse."
The fact that the State's evidence that a defendant's failure to appear was "without lawful excuse" may exert pressure on the defendant to present whatever evidence he may have regarding this element does not mean that the burden of proof is shifted to the defendant. Whenever the State presents evidence to prove an element of an offense, a defendant has an obvious incentive to present any available evidence to rebut the State's proofs, unless the risks of presenting that evidence outweigh the possible benefits. The determination whether to present exculpatory evidence is simply part of the defense's strategic decision-making process that occurs in any criminal case. Therefore, the first sentence of N.J.S.A. 2C:29-7 does not impose any burden of proof upon a defendant with respect to the "without lawful excuse" element of this offense.

B
However, the second sentence of N.J.S.A. 2C:29-7 does impose a burden of proof upon a defendant. This sentence states:
It is an affirmative defense for the defendant to prove, by a preponderance of evidence, that he did not knowingly fail to appear.[2]
Furthermore, the affirmative defense that this sentence requires a defendant to establish "by a preponderance of the evidence" is identical to one of the elements of the offense: that a defendant's failure to appear was "knowing."[3]
The constitutional problem presented by an affirmative defense to a criminal charge that requires proof of the same fact the State is required to prove as an element of the offense is explained in Humanik v. Beyer, 871 F.2d 432, 437-41 (3d Cir.1989), cert. denied, 493 U.S. 812, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989). Humanik involved the constitutionality and application of N.J.S.A. 2C:4-2, which then provided:
Evidence that the defendant suffered from a mental disease or defect is admissible whenever it is relevant to prove that the defendant did not have a state of mind which is an element of the offense. In the absence of such evidence, it may be presumed that the defendant had no mental disease or defect which would negate a state of mind which is an element of the offense. Mental disease or defect is an affirmative defense which must be proved by a preponderance of the evidence.

[871 F.2d at 434 (emphasis added).][4]
*465 Based on this statute, the trial court gave the jury the following instruction in Humanik's trial for purposeful or knowing murder:
In connection with the question of the defendant's mental state at the time in question, since the defendant has raised this defense, that is, the defense that he had a mental disease or defect at that time which prevented him from having the state of mind the law says he would have to have, that is, a knowing or purposeful mental state in connection with the killing, he has the burden to prove that he had such mental defect or disease by a preponderance of the evidence.
[Id. at 435.]
In concluding that this instruction violated the Due Process Clause by shifting the burden of proof to the defendant with respect to a fact relating to an element of the offense, the court stated:
[I]n the situation where the element of the offense and the so-called "affirmative defense" pose the same ultimate issue and a state places the burden of persuasion on the defendant with respect to that ultimate issue[,] . . . the sole significance of the defendants' evidence concerning the so-called "affirmative defense" is to create a reasonable doubt about the existence of an element of the offense. . . .
. . . .
In this kind of situation, the constitutional problem is not eliminated by including an instruction in the charge that the state has the ultimate burden of proving every element of the offense beyond a reasonable doubt. When such a standard instruction is coupled with one placing a burden on the defendant to prove his defense by a preponderance of the evidence, the predictable result is more than merely confusion. In order to attribute some significance to the defendants' burden, a rational juror's only option is to conclude that the defendants' evidence concerning the subject matter of the "affirmative defense" is to be considered only if the jury finds it persuasive, i.e., finds that the facts sought to be proved are more likely true than not true. It is clear from Martin [v. Ohio, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987),] that this is constitutionally impermissible.
[Id. at 440-41.]
Following Humanik, the Supreme Court of New Jersey issued a directive to Superior Court judges to no longer instruct juries that a defendant has the burden of proof regarding the existence of a mental disease or defect:
This is to advise you that New Jersey courts should no longer require criminal defendants who raise the defense of mental disease or defect under N.J.S.A. 2C:4-2 to prove the existence of the alleged mental disease or defect by a preponderance of the evidence.[5]
[Memorandum to Superior Court Judges from Robert W. Wilentz, Chief Justice, Supreme Court of New Jersey (Oct. 27, 1989).]
N.J.S.A. 2C:29-7 creates the same kind of constitutional problem that the court in Humanik found in the part of the former N.J.S.A. 2C:4-2 that placed the burden on a defendant to prove the existence of a mental disease or defect. The second sentence of N.J.S.A. 2C:29-7 places the burden on the defendant to prove, by a preponderance of the evidence, the affirmative defense that the failure to *466 appear was "not knowingly." However, as previously discussed, one of the elements of the failure to appear offense proscribed by N.J.S.A. 2C:29-7, which the State must prove beyond a reasonable doubt, is that the defendant's failure to appear was "knowing." Therefore, as in Humanik, if a trial court first instructs the jury that the State has the burden to prove, beyond a reasonable doubt, that the defendant's failure to appear was "knowing," but then instructs the jury that defendant has the burden to prove, by a preponderance of evidence, that the failure to appear was "not knowingly," the "predictable result" would be not "merely [jury] confusion" but the likelihood that "rational" jurors would conclude that defendant had some kind of burden of proof with respect to the "knowing" element of this offense. Humanik, supra, 871 F.2d at 440-41. As in Humanik, we conclude that such a dilution of the State's burden to prove every element of the offense beyond a reasonable doubt is "constitutionally impermissible." Id. at 441.
However, this conclusion does not require invalidation of the proscription against a defendant's failure to appear established by N.J.S.A. 2C:29-7. Instead, the constitutional problem created by the second sentence of N.J.S.A. 2C:29-7 can be avoided by omitting any jury instruction regarding the affirmative defense that the defendant's failure to appear was "not knowingly."
If a statute is unconstitutional as written, a court may "engage in `judicial surgery' . . . [to] restore the statute to health[.]" Town Tobacconist v. Kimmelman, 94 N.J. 85, 104, 462 A.2d 573 (1983). In determining whether to engage in such judicial surgery to preserve a statute's constitutionality, a court "must determine whether the Legislature would want the statute to survive with appropriate modifications rather than succumb to constitutional infirmities." Right to Choose v. Byrne, 91 N.J. 287, 311, 450 A.2d 925 (1982); see also State v. Natale, 184 N.J. 458, 485-86, 878 A.2d 724 (2005).
The inclusion of an affirmative defense in a criminal code reflects a legislative determination that certain conduct may be justifiable or excusable even though the trier of fact finds that such conduct establishes all the elements of an offense. See Model Penal Code & Commentaries: Part I, introduction to § 3 (1980). Therefore, if the second sentence to N.J.S.A. 2C:29-7 created a true affirmative defense that could result in an acquittal even if the State had proven all the elements of the offense, this defense could not be eliminated to preserve the statute's constitutionality because there would be no reliable basis for determining whether the Legislature would have enacted the statute without it.
However, we are unable to conceive of any circumstance under which a jury could find that the State had established all the elements of a violation of N.J.S.A. 2C:29-7 but nevertheless acquit a defendant based on the "not knowingly" affirmative defense provided by the second sentence. The "knowing" element of the offense that the State is required to prove is identical to the "not knowingly" affirmative defense. Moreover, the State is required, as with any other element of an offense, to prove this element beyond a reasonable doubt. N.J.S.A. 2C:1-13a. Therefore, there is no logical reasoning process by which a jury could first find that the State had proven, beyond a reasonable doubt, that a defendant's failure to appear was "knowing" but then find that the defendant had proven, by a preponderance of the evidence, that the failure to appear was "not knowingly." For this reason, it is appropriate to omit any jury instruction regarding the affirmative defense provided by the second sentence *467 of N.J.S.A. 2C:29-7 in order to preserve the statute's constitutionality.

III
This appeal presents solely a facial challenge to the constitutionality of N.J.S.A. 2C:29-7 on vagueness grounds. The record on appeal does not contain any information regarding the circumstances of defendant's failure to appear. Defendant did not submit any certifications in support of his motion to dismiss, and we have not been provided with a transcript of the grand jury proceedings that resulted in his indictment. Consequently, there is no basis for considering any possible vagueness of N.J.S.A. 2C:29-7 as applied to defendant's failure to appear.
Both the United States and New Jersey Constitutions prohibit unconstitutionally vague laws. State v. Cameron, 100 N.J. 586, 591, 498 A.2d 1217 (1985).
Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. . . . Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. [Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362, 371 (1982) (quoting Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 2298-99, 33 L.Ed.2d 222, 227-28 (1972)).]
Thus, the vagueness doctrine "is essentially a procedural due process concept grounded in notions of fair play." State v. Lee, 96 N.J. 156, 165, 475 A.2d 31 (1984) (quoting State v. Lashinsky, 81 N.J. 1, 17, 404 A.2d 1121 (1979)); see also State v. Afanador, 134 N.J. 162, 170-71, 631 A.2d 946 (1993).
However, "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Parker v. Levy, 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439, 458 (1974). "[S]tatutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language." Id. at 757, 94 S.Ct. at 2562, 41 L.Ed.2d at 458 (quoting United States v. Nat'l Dairy Products Corp., 372 U.S. 29, 32, 83 S.Ct. 594, 597, 9 L.Ed.2d 561, 565 (1963)). Therefore, a party who "challenge[s] [a statute] on its face as unduly vague, in violation of due process[,] . . . must demonstrate that the law is impermissibly vague in all of its applications." Village of Hoffman Estates, supra, 455 U.S. at 497, 102 S.Ct. at 1193, 71 L.Ed.2d at 371; accord Maynard v. Cartwright, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372, 380 (1988) ("[I]f there are circumstances that any reasonable person would recognize as covered by the statute, it is not unconstitutionally vague even if the language would fail to give adequate notice that it covered other circumstances as well."); Lee, supra, 96 N.J. at 167, 475 A.2d 31 ("Possible vagueness of the statute with respect to other behavior does not permit one whose conduct is clearly prohibited to act with impunity.").
The basic prohibition of N.J.S.A. 2C:29-7 is perfectly clear. A criminal defendant who has been directed to "appear at a specified time and place" is prohibited from "fail[ing] to appear at that time and place." No "person of ordinary intelligence" would have any difficulty "know[ing] what is prohibited [by N.J.S.A. 2C:29-7], so that he may act accordingly." See Village of Hoffman Estates, supra, 455 *468 U.S. at 498, 102 S.Ct. at 1193, 71 L.Ed.2d at 371. Nor is there a substantial risk of "arbitrary and discriminatory enforcement" of this prohibition. See ibid.
Moreover, the requirement that a failure to appear must be "without lawful excuse" does not render the basic prohibition of this section unclear in most circumstances. A defendant who simply fails to appear for a trial after receiving the warnings required by State v. Hudson, 119 N.J. 165, 182, 574 A.2d 434 (1990), or who absconds during the middle of trial to avoid prosecution, could not possibly believe that this is a lawful excuse for a failure to appear. The mere fact that some unusual circumstances can be hypothesized  such as a sudden death or illness of a family member  in which a defendant could have genuine uncertainty regarding the obligation to appear, does not make the prohibition of N.J.S.A. 2C:29-7 unclear in the far more common circumstance where a defendant's sole reason for failing to appear is to avoid prosecution or incarceration. Furthermore, as discussed previously, a defendant must act "knowingly" to be found guilty of this offense. Such a mental culpability element "assists in avoiding any vagueness problem." Posters `N' Things v. U.S., 511 U.S. 513, 526, 114 S.Ct. 1747, 1754, 128 L.Ed.2d 539, 552 (1994). Therefore, N.J.S.A. 2C:29-7 is not "impermissibly vague in all of its applications[.]" Village of Hoffman Estates, supra, 455 U.S. at 497, 102 S.Ct. at 1193, 71 L.Ed.2d at 371.
This conclusion is supported by the decisions in most other jurisdictions that have considered vagueness challenges to statutes similar to N.J.S.A. 2C:29-7. See, e.g., Love v. Butler, 952 F.2d 10, 13-14 (1st Cir.1991); Commonwealth v. Love, 26 Mass.App.Ct. 541, 530 N.E.2d 176, 178-80 (1988), rev. denied, 404 Mass. 1104, 537 N.E.2d 1248 (1989); State v. Hiatt, 120 Ohio App.3d 247, 697 N.E.2d 1025, 1032 (1997). Contra State v. Hilt, 99 Wash.2d 452, 662 P.2d 52, 52-53 (1983). In Commonwealth v. Love, the Massachusetts Appeals Court observed:
[T]he vagueness doctrine "is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited." A statute is not vague in the outlawed constitutional sense "if it requires a person to conform his conduct to an imprecise but comprehensible normative standard. . . ." Such a standard is not impermissibly vague even though reasonable minds might differ whether particular conduct at the periphery of the "core" comports with it[.] . . . The present defendant, in reason, could apprehend within rough bounds where his duty lay[.] . . . Law enforcement officials would similarly understand what conduct was proscribed.
[530 N.E.2d at 179-80 (citations omitted).]
Although there is some difference in the language of the statutes,[6] the reasoning of Love in rejecting a facial challenge on vagueness grounds to Massachusetts' failure to appear statute is equally applicable to defendant's challenge to N.J.S.A. 2C:29-7.
Finally, we note that if the evidence regarding the circumstances of defendant's failure to appear provides a basis for concluding that the "without lawful excuse" *469 element of N.J.S.A. 2C:29-7 would not have given a person of ordinary intelligence in defendant's position an adequate opportunity to know whether his conduct was prohibited, he may seek a dismissal of the charge on the ground that N.J.S.A. 2C:29-7 is unconstitutionally vague as applied to his failure to appear. See Lee, supra, 96 N.J. at 167, 475 A.2d 31.
Accordingly, the order of the trial court dismissing the failure to appear charge against defendant is reversed, and the case is remanded to the trial court for further proceedings in conformity with this opinion.
NOTES
[1] This offense is commonly referred to as "bail jumping." See State v. Smith, 253 N.J.Super. 145, 148, 601 A.2d 247 (App.Div. 1992). However, as pointed out in the commentary to the proposed Code of Criminal Justice, this offense "is not limited to persons released on bail" who fail to appear. Model Penal Code Part II Commentaries, vol. 3, comment 2 on § 242.8 at 283 (1979). Instead, it proscribes any "obstructive non-appearance" by a person charged with or convicted of an offense punishable by incarceration. Id., comment 1 on § 242.8 at 282.
[2] We note that section 242.8 of the Model Penal Code, from which N.J.S.A. 2C:29-7 was derived, does not contain this provision. MPC § 242.8 (1962).
[3] Under the Code, "knowingly" and "knowing" have the "same meaning." N.J.S.A. 2C:2-2b(2).
[4] Subsequent to Humanik, the Legislature amended N.J.S.A. 2C:4-2 to eliminate the last sentence, which had made the existence of a mental disease or defect an affirmative defense that the defendant was required to prove. L. 1990, c. 63.
[5] As previously noted, n. 4, the Legislature subsequently repealed this part of N.J.S.A. 2C:4-2. See State v. Delibero, 149 N.J. 90, 101, 692 A.2d 981 (1997).
[6] The Massachusetts statute prohibits a failure to appear "without sufficient excuse." Mass. Gen. Laws, ch. 376, § 82A.