**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4136-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RODNEY CAUTHEN, a/k/a
RAHMAN H. MUHAMMAD,

    Defendant-Appellant.

_____

          Submitted October 2, 2018 – Decided November 19, 2018

          Before Judges Fisher and Suter.

          On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 15-06-0710 and 15-01-0017.

          Joseph E. Krakora, Public Defender, attorney for appellant (Daniel S. Rockoff, Assistant Deputy Public Defender, of counsel and on the brief).

          Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rodney Cauthen appeals his conviction for fourth-degree obstruction, N.J.S.A 2C:29-1(b), claiming the trial court did not make a finding he "obstruct[ed] the detection or investigation of a crime or the prosecution of a person for a crime," as required for a fourth-degree conviction. He urges us to mold the verdict to a disorderly persons offense or remand his case for additional findings. Defendant also appeals his five-year sentence for third-degree possession of a controlled dangerous substance (CDS) (heroin), N.J.S.A. 2C:35-10(a)(1), claiming the judge was influenced by the erroneous conviction for fourth-degree obstruction. We reverse the obstruction conviction because the trial court did not make findings that defendant committed all of the elements required for a fourth-degree offense and remand that charge for further findings and resentencing. We affirm defendant's conviction and five-year sentence for third-degree CDS possession.

I.

Detective Lloyd McNelly of the South Plainfield Police Department was on routine patrol when he drove past defendant and another person walking on the opposite side of the road. McNelly could not remember defendant's name, but was familiar with him from previous police matters. After learning defendant's name and that there was an open warrant for him, defendant was

2

stopped. He tried to flee from the police, was subdued and arrested. The police found six folds of suspected heroin in defendant's pocket. Defendant was charged with third-degree heroin possession.[1]

Less than two months later, a resident of South Plainfield was walking his dog at 3:30 a.m., when he saw two feet "hanging out of a Jeep" that was parked in the neighborhood. Defendant claimed it was his Jeep but then "took off" when the resident called 9-1-1.

Officer Mark Bullock arrived with his canine partner, Blitz, and they searched the area for about forty minutes. Blitz was able to track defendant to the backyard of a neighboring house two streets away from the Jeep. Officer Bullock found defendant "laying on his side up alongside the house like as if he was trying to hide." Defendant stood up and was "looking and panning and scanning." Defendant was placed under arrest, but kept his arms "stiffed out," which prevented Bullock from handcuffing him. Defendant then "jerk[ed] his arm up . . . in a fast motion," provoking Blitz, who bit defendant in the arm. Bullock testified "[defendant was] basically compliant at that point."

---

[1] Defendant has not appealed the denial of his motion to suppress or conviction for this possession of CDS offense.

The neighbor identified defendant as the person he saw in the Jeep. The Jeep owner testified that no one but family members had permission to drive the vehicle.

Defendant was charged with third-degree possession of heroin under indictment 15-01-17, N.J.S.A. 2C:35-10(a)(1). A few months later, he was charged under indictment 15-06-0710 with fourth-degree obstruction, N.J.S.A. 2C:29-1(b) and third-degree burglary, N.J.S.A. 2C:18-2.

The bench trial on the CDS charge was conducted following denial of defendant's motion to suppress. The trial court convicted defendant of third-degree possession of a CDS, finding the State had proven defendant possessed heroin, knowing it was a Schedule I controlled dangerous substance.

The bench trial on the burglary and obstruction charges was held several months later. Defendant was acquitted of burglary because the court found the State had not proven defendant's entry into the Jeep was "with the purpose to commit an offense therein." The court convicted defendant of fourth-degree obstructing the administration of law or other governmental function, finding:

> the defendant committed an act of physical interference. That this act was committed with the further purpose of preventing a public servant from lawfully performing an official function and that in committing the act, the defendant did prevent a public

servant from lawfully performing the official function
of placing him under arrest.

In February 2017, the trial court denied defendant's motion for a new trial on the obstruction charge. The court stated that although defendant initially seemed to comply with his arrest, he ultimately did not. There was "flight from the original location" but the court was not certain that "played a major role in [his] decision making." Rather, "it was more . . . the physical interference that had . . . no lawful purpose" that the court considered.

The court also denied the State's motion to sentence defendant to an extended term as a persistent offender. In considering the aggravating and mitigating factors, the court found aggravating factors three (risk of re-offense), six (criminal history) and nine (deterrence). See N.J.S.A. 2C:44-1(a). The court gave "heavy" weight to factor nine. It found no mitigating factors. N.J.S.A. 2C:44-1(b). Defendant was sentenced to a five-year term on the CDS third-degree possession charge and a concurrent term of eighteen months on the fourth-degree obstruction charge.

On appeal, defendant raises the following issues:

> POINT I. THIS COURT SHOULD REVERSE THE CONVICTION FOR FOURTH DEGREE OBSTRUCTION, N.J.S.A. 2C:29-1.

A.      After a Bench Trial, The Court Failed To Make Any Findings On An Element Of Fourth Degree Obstruction

B.      Because The Evidence Was Legally Insufficient To Support Fourth Degree Obstruction, This Court Should Mold The Verdict To A Disorderly Persons Conviction

C.      Alternatively, This Court Must Remand For Findings On The Element Not Addressed By The Trial Court

POINT II.  THIS COURT SHOULD REMAND FOR RESENTENCING BECAUSE THE MAXIMUM FIVE YEAR PRISON TERM IS EXCESSIVE FOR AN INDIVIDUAL WITH A SEVERE SUBSTANCE USE DISORDER WHO WAS CONVICTED OF POSSESSING THE SUBSTANCE TO WHICH HE IS ADDICTED

A.      The Trial Court Erred by Weighing the Aggravating Factors Too Heavily

B.      The Trial Court Erred by Failing to Recognize Addiction as a Mitigating Factor for Possession of the Substance to Which the Defendant is Addicted

II.

"The State in a criminal prosecution is bound to prove every element of the offense charged beyond a reasonable doubt." State v. Delibero, 149 N.J. 90, 99 (1997) citing In re Winship, 397 U.S. 358 (1970).  "[O]ur Legislature has . . . provid[ed] that '[n]o person may be convicted of an offense unless each

6

element of such offense is proved beyond a reasonable doubt.' N.J.S.A. 2C:1–13(a)." State ex rel L.W., 333 N.J. Super. 492, 496 (App. Div. 2000) (internal alterations in original). Defendant contends he should not have been convicted of fourth-degree obstruction because the court did not find he committed all the required elements of that offense.

Under N.J.S.A. 2C:29-1(a) a person commits the offense of obstructing administration of law or other governmental function where,

> [H]e purposely obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from lawfully performing an official function by means of flight, intimidation, force, violence, or physical interference or obstacle, or by means of any independently unlawful act. This section does not apply to failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

That offense becomes a crime of the fourth-degree, however, if the person "obstructs the detection or investigation of a crime or the prosecution of a person for a crime, otherwise it is a disorderly persons offense." N.J.S.A. 2C:29-1(b).

The court found the defendant "committed the act of physical interference," and that this was done "with the further purpose of preventing a public servant from lawfully performing an official function." The court then

found that in committing this act, "defendant did prevent a public servant from lawfully performing the official function of placing him under arrest." However, the court did not make a finding that "defendant obstructed the investigation or detection of a crime, or prosecution of a person for a crime," as required for a conviction under N.J.S.A. 2C:29-1(b). As such, we are constrained to reverse defendant's conviction for fourth-degree obstruction.

Defendant requests we mold the verdict to a disorderly person's offense or in the alternative, remand the case for additional findings. Because the trial court did not include the required element in making its findings, and did not find any facts about this requirement, we are satisfied that the appropriate remedy is to remand "for further findings of fact and conclusions of law on the record already made." State v. Smith, 253 N.J. Super. 145, 149 (App. Div. 1992). We have not found insufficient evidence to sustain the fourth-degree conviction and thus, "there is no jeopardy consequence precluding such a remand." Ibid.

Further, although defendant was acquitted of burglary, that does not preclude a finding of fourth-degree obstruction. The trial court must determine whether there was enough evidence in the record to find defendant obstructed "the detection or investigation of a crime or the prosecution of a person for a

8

crime," which is separate from whether he actually committed burglary. Because we have reversed the conviction for fourth-degree obstruction, we also reverse his eighteen-month sentence for that charge and remand for resentencing.

Defendant also appeals his five-year term of incarceration for third-degree possession of CDS. He argues the court weighed the aggravating factors too heavily because of his conviction for fourth-degree obstruction and should have recognized defendant's addiction as a mitigating factor. Our review of a sentencing determination is limited. State v. Roth, 95 N.J. 334, 363-65 (1984). We review a judge's sentencing decision under an abuse of discretion standard. Id. at 363-64. See State v. Fuentes, 217 N.J. 57, 70 (2014).

The record here does not show an abuse of discretion. Defendant was sentenced within the sentencing guidelines for a third-degree offense, which is three to five years. N.J.S.A. 2C:43-6(a)(3). The court's analysis of aggravating and mitigating factors was based on competent and credible evidence in the record. The court considered defendant's drug use, addiction and criminal history. Although the court found defendant "met all the qualifications for an extended term pursuant to [N.J.S.A.] 2C:43-4(a)," he did not sentence defendant under that statute. However, the court found the need to deter defendant from

9

violating the law weighed heavily in the court's consideration. The court did not find any mitigating factors. There was nothing in the record to indicate defendant's sentence on the CDS charge was influenced by his fourth-degree obstruction charge.

Defendant argues that drug addiction should have been considered by the trial court in mitigation of his sentence. The record showed the trial court was aware of defendant's drug use and addiction as well as his past refusal to attend a drug treatment program. The court clearly took all of that into consideration in sentencing defendant.

The Court has held in State v. Ghertler, 114 N.J. 383, 390 (1989), that drug dependency is not a mitigating factor. State v. Clark, 203 N.J. 166, 182 (2010) relied on by defendant, does not require a different result. Clark addressed whether the court must conduct a plenary hearing when there is an objection to an applicant's admission into drug court. In concluding that a plenary hearing is not required, the Court stated that "[b]ecause the decision whether to admit the applicant into [d]rug [c]ourt is essentially a sentencing one, the 'trial judge is required to consider all of the aggravating and mitigating factors and to find those supported by the evidence.'" Id. at 177 (quoting State

A-4136-16T3

v. Dalziel, 182 N.J. 494, 505 (2005)). <u>Clark</u> did not cite to <u>Ghertler</u> or say that addiction itself is a mitigating factor.

Defendant's conviction for fourth-degree obstruction is reversed and remanded for further findings of fact and conclusions of law based on the record already made. Defendant's sentence for third-degree possession of CDS is affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4136-16T3